ORDERED in the Southern District of Florida on  June 30, 2015



Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No.  14-36856-BKC-LMI

ANGEL GABRIEL SILVA,                Chapter 13

            Debtor.
_____/

### ORDER TO SHOW CAUSE WHY ATTORNEY RAUL A. MONTANER SHOULD NOT BE SANCTIONED AND SETTING HEARING

**THIS CAUSE** came before the Court *sua sponte* after hearing on June 17, 2015 upon the Emergency Motion to Reopen Chapter 13 Case filed by Debtor (ECF #17). The Debtor was represented at the hearing by new counsel – attorney Mary Reyes. Ms. Reyes advised the Court that Mr. Montaner never filed any of the required papers for the Debtor, other than a bare bones petition and the certificate of credit counseling. Mr. Montaner was paid a retainer, but did not, allegedly, do any work in the case, ultimately resulting in the dismissal of the Debtor's bankruptcy case. In fact, Mr. Montaner never even met the Debtor. The Debtor met with non-lawyers apparently from Mr. Montaner's offices. However, Mr. Montaner did not, apparently,

Case No.    14-36856-BKC-LMI

tell the Debtor his case was dismissed and the Debtor's home was about to be sold at a foreclosure sale.[1]

If these allegations are true, then Mr. Montaner has violated several rules governing The Florida Bar's Guidelines for Professional Conduct and is subject to significant sanctions including revocation of his privilege to practice in this Court.

Accordingly, it is

**ORDERED** that Attorney Raul A. Montaner, Esq. shall appear at a hearing on **July 30, 2015 at 9:30 a.m. at the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Room 817/Courtroom 8, Miami, Florida 33128** to show cause why Raul A. Montaner, Esq., should not be sanctioned. The Court will conduct an evidentiary hearing to determine precisely what Mr. Montaner did or did not do, what he was paid by the Debtor and whether and to what extent Mr. Montaner should be sanctioned, which sanctions could include loss of privilege to appear before this Court.

###

*The Clerk of Court shall serve a copy of this order upon all parties in interest.*

Copies to:
Hon. Paul G. Hyman, Chief Judge
Hon. A. Jay Cristol
Hon. Robert A. Mark
Hon. Raymond B. Ray
Hon. John K. Olson
Hon. Erik P. Kimball
Joe Falzone, Clerk of Court

---

[1] Mr. Montaner allegedly did (or did not do) the same thing in a bankruptcy case he filed on behalf of the Debtor's son.