

ORDERED in the Southern District of Florida on September 4, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No. 14-36856-BKC-LMI

ANGEL GABRIEL SILVA,                                Chapter 13

        Debtor.
_____/

### ORDER SANCTIONING ATTORNEY RAUL A. MONTANER

THIS CAUSE came before the Court on August 19, 2015 at 1:30 P.M. for a hearing to consider the Court's Order to Show Cause Why Attorney Raul A. Montaner Should Not Be Sanctioned ("Order to Show Cause") (ECF #28).  Having considered the testimony of Mr. Montaner, the presentation of Mr. Montaner's attorney, Mr. Hoffman, and the Trustee's Notice of Filing Additional Information Relevant to the Court's Order to Show Cause ("Trustee's Joinder") (ECF #29) the Court finds as follows:

1.    Mr. Montaner represented Angel Gabriel Silva ("Debtor").  Mr. Montaner filed a chapter 13 petition for the Debtor on December 18, 2014 (ECF #1).  The case was dismissed with prejudice on January 28, 2015 for failure to file required information (ECF #12).  Only the

Petition (ECF #1), Creditor Matrix, and Certification of Budget and Credit Counseling (ECF #6) were filed. Mr. Montaner admitted he never personally met with the Debtor. The Debtor only spoke with Mr. Montaner's paralegal to discuss his case.

2.  Mr. Montaner admitted his sole purpose in filing the petition on behalf of the Debtor was to delay creditor collection in hopes of a settlement. Mr. Montaner admitted he has filed numerous chapter 13 bankruptcy petitions and has never seen a chapter 13 bankruptcy case through completion. The Trustee noted at least twenty (20) chapter 13 petitions were filed by Mr. Montaner on behalf of clients.[1] Seventeen (17) cases have already been dismissed for failure to file required documents and dismissals are pending in the remaining cases.

3.  Mr. Montaner's failure to meet or speak with his client violated Rule 4-1.4(b) of the Florida Rules of Professional Conduct.

4.  Mr. Montaner's failure to supervise his paralegal violated Rule 4-5.3 of the Florida Rules of Professional Conduct.

5.  Mr. Montaner's repeated filing of chapter 13 petitions without intent to confirm a plan violated Rule 9011 of the Federal Rules of Bankruptcy Procedure.

The Court, having made the above findings, it is **ORDERED** that:

1.  Attorney Montaner is suspended from practicing before the Bankruptcy Court for ninety (90) days from the date of this Order.

2.  Attorney Montaner is sanctioned $1,000.00 for each of the twenty (20) chapter 13 bankruptcies he filed without the intent to complete.

3.  Sanctions are payable to the Clerk of the Bankruptcy Court. Payment must be made within ninety (90) days of the date of this Order. If payment is made after ninety (90)

---

[1] Trustee's Notice of Filing Additional Information Relevant to Court's Order to Show Cause, *In re* Silva, No. 14-36856 (S.D. Fla. July 8, 2015) (ECF #29).

2

days, the sanctions are doubled.  A copy of any payment together with any transmittal letter shall be filed with the Court when payment is made.

4. Attorney Montaner is required to enroll in a Professionalism Workshop through the Henry Latimer Center for Professionalism.  Attorney Montaner must complete the course within ninety (90) days of the date of this Order and file a Certificate of Compliance.

5. Attorney Montaner must read *In re Santiago*, 457 B.R. 172 (Bankr. D.P.R. 2011), and file a Certificate of Compliance.

# # #

Copies to:
Michael S. Hoffman, Esq.
Joe Falzone, Clerk of Court
Chief Judge Paul G. Hyman
Judge A. Jay Cristol
Judge Robert A. Mark
Judge Raymond B. Ray
Judge John K. Olson
Judge Eric P. Kimball
Ariel Rodriguez, Esq.
Nancy Neidich, Esq.

*The Clerk of Court shall serve a conformed copy of this order upon all parties in interest.*